IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RYAN L. REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:14CV65 |
| | ) | |
| V. | ) | |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | **MEMORANDUM AND ORDER** |
| **Commissioner of Social Security, and** | ) | |
| **U.S. ATTORNEY GENERA ERIC H.** | ) | |
| **HOLDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Counsel for Plaintiff has applied for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Filing 28.) Counsel seeks an award of $8,997.25, representing 49.3 hours of attorney time at a rate of $182.50 per hour. Defendant does not dispute that counsel is entitled to an award of fees, but objects to the amount requested, arguing that the number of claimed attorney hours is excessive. Defendant asks that the Court reduce the fee award to $5,475.00, representing 30 hours of attorney time at a rate of $182.50 per hour.

Only reasonable fees and expenses may be awarded under the EAJA. 28 U.S.C. § 2412. In assessing whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Sahs v. Astrue*, 832 F. Supp.2d 1066, 1068 (D. Neb. 2011) (quotation omitted). "The court has broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion." *Sahs*, 832 F. Supp.2d at 1068.

The Court has reviewed the fee application and finds the requested fees excessive. Plaintiff's counsel is a skilled and experienced attorney who provided valuable assistance to

...

her client. However, the issues presented in this case were not novel. In remanding the action, this Court concluded that the ALJ failed to fully develop the record because he did not obtain a consultative examination as directed by the Social Security Appeals Council and neglected to contact certain physicians. Although the transcript in this case was over 900 pages, it was not overly long and it did not contain documents that were unique or particularly complex. Still, the Court is mindful that Plaintiff's present counsel did not represent Plaintiff at the administrative level and apparently spent a considerable amount of time researching and reviewing medical literature to familiarize herself with the issues involved in the case. (Although it is difficult to determine precisely how much time was spent on this task given the number of multi-task entries on counsel's time records). Moreover, the Court takes note of the time counsel took organizing the facts and procedural history of this case in a coherent manner, which resulted in a lengthy initial brief.

Based on the above considerations, as well as the Court's familiarity with the record, the Court finds that an award roughly between the amount requested by Plaintiff and that suggested by Defendant is reasonable. The Commissioner has stated in this and other cases that "[a]s a general rule of thumb, attorneys experienced in Social Security disability litigation are typically awarded compensation for 30 to 40 hours in this District." (Filing 30 at CM/ECF p. 3.) *See also* Brown v. Colvin, 16 F. Supp.3d 1051, 1053 (D. Neb. 2014) (observing that the typical compensation awarded under the EAJA in the District of Nebraska may actually be lower than the 30 to 40 hour average claimed by the Commissioner). In keeping with this under the particular circumstances of this case, the Court concludes that compensation for 40 hours of attorney time, resulting in a total award of $7,300.00, is reasonable.

Accordingly,

**IT IS ORDERED:**

1. The Motion for EAJA Fee (filing 28) is granted, in part.

2. Plaintiff is awarded attorney's fees in the amount of $7,300.00, subject to offset to satisfy any pre-existing debt owned by Plaintiff to the United States.

3. Judgment will be entered by separate document.

**DATED May 14, 2015.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**